# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH L. ARNOLD, III, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:10CV1665 JCH |
| SEAN P. MALLON, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Joseph L. Arnold, III, for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and state tort law. Named as defendants are Sean Mallon (Police Officer, St. Louis Metropolitan Police Department), Daniel Clauss (same), Frank Booker (same), Harold Davie (same), Eugene Howard (Private Attorney), Vogt and Howard Attorneys at Law, Fischer & Byrne, LLC, Mark Byrne (Private Attorney), Eric Barnhart (Private Attorney), Jennifer Joyce (Circuit Attorney), the City of St. Louis, Steven Ohmer (Circuit Judge), Charles Billings (Assistant Circuit Attorney), Melissa Gilliam (same), Jason Steinmeyer (same), John Doe (same), Mary Fox (Public Defender), and David Anderson (Assistant Public Defender).

Plaintiff alleges that he was arrested without probable cause and that he was detained for two years because of a deficient indictment. Plaintiff's factual allegations are set forth in his complaint and in over 200 pages of exhibits, which include police reports, court documents, letters between plaintiff and counsel, and other items. The Court summarizes plaintiff's allegations as follows:

On about March 30, 2006, plaintiff was fired by his employer. Defendant Haas owned the company plaintiff had worked for. After his employment was terminated, his former coworkers told police that he broke into his former workplace to take property. This allegedly happened on at least two occasions. On the morning of April

4, 2006, plaintiff was allegedly seen by a former coworker loading property into his car. When the coworker went to confront plaintiff, he got into his car and drove away. The coworker then contacted Haas. While police were conducting the investigation, plaintiff called Haas on her cell phone. Haas put the call on speaker phone, allowing the police officers to listen to the conversation. The officers allegedly heard plaintiff apologize to Haas for breaking into the building, and plaintiff further told Haas that he was going to turn himself over to the police. At that time, plaintiff allegedly took tools and scrap metal from the job site. On April 6, 2006, plaintiff was arrested and charged with first degree burglary. On April 7, 2006, plaintiff was released on his own recognizance.

On April 7, 2007, prosecutors filed an information charging plaintiff with Stealing Under $500, a Class A Misdemeanor. The arresting officer filed a probable cause statement on the information, citing the fact that plaintiff had been seen removing items belonging to Haas without her permission.

On April 15, 2006, Haas reported to the police that plaintiff had again broken into the job site and taken property. On April 16, 2006, Haas allegedly saw plaintiff's car and called the police. The police found plaintiff in his car and arrested him for first degree burglary. In plaintiff's car were several pieces of metal, computer parts, and phone equipment. Haas told police that those items had been stolen the previous day.

In the trunk were several tools, which were described in the police report as a "blue backpack full of various Craftsman and Snap On tools," a "Milwaukee Saw Zaw," a "Spiricut spiral saw," and a "red tool box containing several tools." Haas told police that the items in the trunk had been stolen from the job site over the previous two months, while plaintiff had been her employee.

On May 11, 2006, plaintiff was indicted on one count of Receiving Stolen Property Over $500, a Class C Felony. Plaintiff was charged as a prior and persistent offender, having pled guilty on several occasions to burglary and stealing charges.

Plaintiff asserts that all of the property that was recovered from his car belonged to him. Plaintiff believes that the April 7, 2007, information was defective because it did not describe the property with specific clarity, referring only to "appropriated tools and aluminum." Plaintiff believes that the indictment should have included pictures of any alleged stolen items, their serial numbers, and the value of each specific item. Plaintiff says that the lack of clarity means that there was no probable cause to file the indictment and that the lack of probable cause fatally infected all of the subsequent proceedings. Plaintiff alleges that the May 11, 2006, indictment was defective for the same reasons. Plaintiff maintains that everyone involved in the case, including his own lawyers, knew of the deficiencies in the indictment but conspired together to keep him unjustly detained.

After he was arrested on April 16, 2006, plaintiff hired the services of defendant Howard, an attorney and plaintiff's brother-in-law. Plaintiff, through counsel, waived formal arraignment and pled not guilty to the charges. Plaintiff immediately had problems with Howard's treatment of his case. Plaintiff maintained that all of the charges against him were false and that the indictment should have been immediately dismissed. Howard informed plaintiff that his best defense was that the property was not stolen or, alternatively, that a reasonable doubt existed as to whether the property was stolen from Haas's business. Howard informed plaintiff that such a defense must be presented at trial. Plaintiff says Howard had previously represented defendant Booker and that Howard failed to inform him of this fact. Plaintiff says that Howard's legal advice demonstrates that he was in collusion with prosecutors to keep plaintiff illegally detained.

On May 18, 2006, plaintiff was arrested at the parole office he reported to. The basis for the arrest was his April 2006 arrests for stealing and trespassing. His parole officer recommended revoking his parole. After May 18, 2006, plaintiff was detained at the Workhouse on order of the Board of Probation and Parole.

In August 2006 plaintiff fired Howard and retained the services of defendant Barnhart, an attorney with Fischer & Byrne, LLC. Plaintiff asked Barnhart to file a motion to dismiss the indictment based on insufficient physical evidence. Barnhart

informed plaintiff that the testimonial evidence of the witnesses and police officers was of the same quality as physical evidence under the law. Barnhart told plaintiff that there was sufficient testimonial evidence to take the case to trial. Barnhart further told plaintiff that it would not be good trial strategy to attempt to have the indictment dismissed at that time. Barnhard believed that it would be more effective to attack any weakness in the case at trial. Plaintiff says this advice constituted "unbelievable manipulation and intimidation and coersion [*sic*]." Plaintiff believes that Barnhart should have known that the indictment was defective and had the case dismissed. For this reason, plaintiff claims that everything Barnhart told him was a lie. Plaintiff further accuses Barnhart of conspiring with prosecutors to keep him illegally detained.

On February 7, 2007, plaintiff filed a pro se "motion to compel discovery supplemental report" in which he advised the court that the indictment was deficient and accusing Barnhart of being an agent for the prosecution and of conspiring with the prosecution. Plaintiff filed other pro se documents with the court accusing Barnhart and Howard of conspiring with the prosecutors.

Shortly after plaintiff filed the February 7 motion, defendant Byrne, also with Fischer & Byrne, LLC, visited plaintiff and advised plaintiff that he ought to cooperate with counsel. Plaintiff accused him of being part of the conspiracy as well. Byrne advised plaintiff that he and his firm might have to withdraw from representing plaintiff.

Later that month, Barnhart filed a motion for bill of particulars, arguing that the indictment was too vague to allow plaintiff to prepare his defense. Barnhart advised plaintiff that he would argue the motion at the next pretrial hearing. On April 18, 2007, defendant Ohmer denied plaintiff's motion for bill of particulars because the prosecutor provided the plaintiff with copies of the police reports that described the items alleged to have been stolen. According to the court's docket sheet, a hearing was held on April 19, 2007. Plaintiff says that Barnhart took the additional discovery from the prosecutor and told him that the indictment was not dismissible. Plaintiff claims that the hearing was a sham and that Judge Ohmer conspired with prosecutors and his lawyers to keep him detained illegally.

On June 7, 2007, defendant Billings filed a substitute information in lieu of indictment. The substitute information corrected dates and a typo in the original indictment.

Plaintiff continued to accuse everyone involved with the case of conspiracy, and there were several continuances in the case for reasons not apparent in the record.

On July 30, 2008, Barnhart filed a motion to withdraw. In his motion, Barnhart cited the fact that plaintiff believed Barnhart was conspiring with prosecutors to keep him illegally detained, that plaintiff accused Barnhart with being a member of the Ku Klux Klan and being a racist, and that plaintiff accused him of being an "agent of the

state." Barnhart claimed, "[t]he attorney/client relationship is so damaged that nothing can be done to fix it. [Arnold] refuses to listen and follow his attorney's advice and believes his attorney is out to get him." The court granted the order and ordered the public defender to represent plaintiff.

The case was delayed for several months before plaintiff was represented by counsel. Defendant Fox initially informed the court that plaintiff did not want public defender representation and that he told her office he was going to retain counsel. The case was delayed while plaintiff attempted to hire an attorney. On April 30, 2008, plaintiff requested that the court appoint the public defender to represent him. On May 5, 2008, Fox informed the court that plaintiff was not eligible for public defender representation because he previously retained counsel. On May 19, 2008, the court made the proper finding of indigency and ordered the public defender's office to represent plaintiff.

Plaintiff told his new counsel, defendant Anderson, to file a motion to dismiss the indictment. Anderson refused to file the motion, and plaintiff threatened to sue him. Plaintiff continued to file pro se motions after Anderson entered his appearance.

On September 9, 2008, Billings filed a memorandum of Nolle Prosequi on the felony charges stating, "the State elects not to proceed." On October 2, 2008, another prosecutor filed a memorandum of Nolle Prosequi on the misdemeanor charges stating,

"the continuing investigation has disclosed evidence that diminishes the prosecutive merits of this case." Plaintiff was released from confinement by the Board of Probation and Parole after the charges were dropped.

## Discussion

A criminal defendant has the right to be informed of the nature and cause of the accusation, in all criminal prosecutions. U.S. Const., Amend. VI. Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment or information be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1); see, e.g., United States v. Platter, 514 F.3d 782, 787-88 (8th Cir. 2008) (indictment for illegal firearms possession sufficient under 7(c)(1) though indictment did not specify whether defendant was felon or drug user); United States v. Fernandez, 559 F.3d 303, 328 (5th Cir. 2009) (indictment for murder sufficient under 7(c)(1) even without alleging specific manner and means offense was committed). An indictment need only contain those facts and elements of the alleged offense necessary to inform the accused of the charge so that he or she may prepare a defense in the present case and invoke the Double Jeopardy Clause in future prosecutions based on the same conduct. See Hamling v. United States, 418 U.S. 87, 117-18 (1974).

In the instant case, the information charging plaintiff with misdemeanor stealing stated that on April 4, 2006, plaintiff "appropriated tools and aluminum which property was owned by Angela Haas and [plaintiff] appropriated such property without the consent of Angela Haas and with the purpose to deprive her thereof." The information further stated that the value of the property was less than $500. The indictment charging plaintiff with felony receiving stolen property stated that on April 15, 2006, plaintiff had committed the felony, "with the purpose to deprive the owner of Phone Equipment, Machine Parts and Computer Parts, such property, of a value of at least [fifteen][1] hundred dollars, knowing or believing that it had been stolen." The allegations both in the information and the indictment were stated with sufficient clarity to have informed plaintiff of the charges so that he could have prepared a defense and invoked the Double Jeopardy Clause had he been twice prosecuted on those charges. Further, the indictments were properly supported by probable cause as stated by the police officers and backed by witness' testimony. As a result, both the information and the indictment met the requirements of the Sixth Amendment to the Constitution, and plaintiff's allegations on this issue are legally frivolous.

---

[1] The original indictment incorrectly stated "fifty hundred dollars." This was later amended by the prosecutor to read "fifteen hundred dollars."

Plaintiff's allegations regarding a conspiracy between all of the defendants fail because the allegations are premised on the constitutional deficiency of the indictments. That is, plaintiff's conspiracy argument was based on his assertion that the indictments were deficient and that each defendant conspired to conceal this fact. Moreover, the conspiracy allegations are not plausible. See Iqbal, 129 S. Ct. at 1950-52 (court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred). The police had probable cause to arrest plaintiff because witnesses told police that they had seen plaintiff stealing from the job site and because the allegedly stolen items were found in plaintiff's car. Prosecutors had probable cause to prosecute plaintiff and drafted legally sufficient indictments to begin criminal proceedings. And plaintiff's lawyers attempted to give him sound legal advice, which he refused to heed. Thus, the conspiracy allegations fail to state a claim upon which relief can be granted.

Without an actionable conspiracy claim between the state actors and the private actors, plaintiff's claims against the private actors are frivolous. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). As a result, the complaint fails to state a claim against defendants Eugene Howard, Vogt and Howard Attorneys at Law, Fischer & Byrne, LLC, Mark Byrne, and Eric Barnhart.

The complaint is legally frivolous as to defendant Ohmer because judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

The complaint is legally frivolous as to defendants Joyce, Billings, Gilliam, Steinmeyer, and John Doe because where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

The complaint fails to state a claim upon which relief can be granted as to defendant defendants Fox and Anderson because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Plaintiff's official capacity claims against the police officer defendants and the City of St. Louis fail to state a claim because plaintiff has not demonstrated that a policy or custom of the City of St. Louis was responsible for a deprivation of a constitutional right. See Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978).

"Qualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Maness v. Dist. Court, 495 F.3d 943, 944 (8th Cir. 2007) (analyzing qualified immunity on 28 U.S.C. § 1915(e)(2)(B) review). Plaintiff has failed to show that any of the police officer defendants violated a clearly established constitutional right. As a result, defendants Mallon, Clauss, Booker, and Davie are entitled to qualified immunity.

To establish a claim under § 1985, plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination, and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 834-39 (1983); Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (plaintiff must allege these two elements to state § 1985(3) claim). Nothing in the complaint indicates that defendants were motivated by purposeful discrimination. As a result, plaintiff's § 1985 claims fail to state a claim upon which relief can be granted.

Finally, the Court will dismiss plaintiff's state law claims under 28 U.S.C. § 1367(c)(3).

For these reasons, the Court will dismiss this case pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 5th day of November, 2010.

/s/ Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE